UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-255-FDW

| | | |
|---|---|---|
| SHAWN CORPENING-BEY, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CITY OF ASHEVILLE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

THIS MATTER is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Motion to Appoint Counsel, (Doc. No. 5).

I.     BACKGROUND

Plaintiff is a state court inmate currently incarcerated at Marion Correctional Institution in Marion, North Carolina.  On January 9, 2008, Plaintiff was convicted in Buncombe County after trial by jury of possession with intent to manufacture, sell, and deliver cocaine, having achieved the status of habitual felon, and was sentenced to 116-149 months of imprisonment. Plaintiff has named as Defendants the City of Asheville, the Asheville Housing Authority, and several police officers with the Asheville, Woodfin, and Buncombe County sheriff departments. In this action, filed under 42 U.S.C. § 1983, Plaintiff alleges that Defendants violated his Fourth Amendment rights against illegal search and seizure and his Fifth and Fourteenth Amendment due process and equal protection rights by setting up a roadblock and checkpoint in November 2006 at the entrance to Pisgah View apartments, an Asheville Housing Authority property.  A

1

search of Plaintiff's vehicle near the checkpoint revealed drugs and cash in the vehicle, which led to his drug-trafficking conviction. As his requested relief, Plaintiff seeks compensatory damages, punitive damages, and a permanent injunction from this Court ordering Defendants "to discontinue the practice of illegal checkpoints established for illegal purposes." (Doc. No. 1 at 5).

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

As noted, Plaintiff alleges that the placement of a vehicle checkpoint outside of an

Asheville Housing Authority property constituted a violation of his Fourth Amendment and other federal constitutional rights. At trial, Plaintiff filed a motion to suppress the evidence obtained as a result of the search of his vehicle near the checkpoint, and the trial court denied the motion to suppress. Plaintiff appealed his conviction, contending that the trial court erred by denying the motion to suppress evidence as a result of an unconstitutional search and seizure effected, in part, by the alleged unconstitutional checkpoint. On October 6, 2009, in a published opinion, the North Carolina Court of Appeals found no error, stating as follows:

> On appeal, defendant contends that the trial court erred by denying his motion to suppress evidence obtained as a result of an unconstitutional search and seizure effected, in part, by an unconstitutional checkpoint. We disagree.

> As a preliminary matter, we hold that defendant's argument that the checkpoint was unconstitutional is inapplicable in the case sub judice. In an uncontested finding of fact, the trial court found

> [t]hat at about 8:35 pm the officers noticed a white Toyota Avalon pull to the side of the curb about 100 [to] 200 feet from the checkpoint and stop. The driver, [defendant], did not exit the vehicle nor did anyone in any of the residences walk out to the vehicle.

> "'Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal.'" State v. Taylor, 178 N.C. App. 395, 401, 632 S.E.2d 218, 223 (2006) (quoting Koufman v. Koufman, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991)). Because defendant stopped solely of his own volition, rather than pursuant to any form of State action, and because defendant parked 100 to 200 feet prior to the checkpoint, we need not address (1) whether the checkpoint was valid, or (2) engage in an analysis concerning a "traffic stop." See, e.g., State v. Styles, 362 N.C. 412, 665 S.E.2d 438 (2008); State v. Hughes, 353 N.C. 200, 539 S.E.2d 625 (2000); State v. Miller, 198 N.C. App. 196, 678 S.E.2d 802 (2009).

> Accordingly, we inquire only whether the officers legitimately approached defendant's vehicle, which was parked beside the curb on a public street, and whether the officers developed the probable cause necessary to effectuate a constitutionally permissible search and seizure of defendant's person or property. See U.S. Const. amend. IV; N.C. Const. art. I, § 20; State v. Rivens, 198 N.C. App. 130, --, 679 S.E.2d 145, 149 (2009) (citing State v. Rigsbee, 285 N.C. 708, 713, 208 S.E.2d 656, 660 (1974) and State v. Yates, 162 N.C. App. 118, 589

S.E.2d 902 (2004)).

As we previously have explained,

> [i]t is well established that law enforcement officers do not violate
> the Fourth Amendment by merely approaching an individual on
> the street or in another public place, by asking him if he is willing
> to answer some questions, by putting questions to him if the person
> is willing to listen, or by offering in evidence in a criminal
> prosecution his voluntary answers to such questions. Nor would
> the fact that the officer identifies himself as a police officer,
> without more, convert the encounter into a seizure requiring some
> level of objective justification. The person approached, however,
> need not answer any question put to him; indeed, he may decline to
> listen to the questions at all and may go on his way.

State v. Johnston, 115 N.C. App. 711, 714, 446 S.E.2d 135, 137-38 (1994)
(quoting Florida v. Royer, 460 U.S. 491, 497-98, 103 S. Ct. 1319, 1323-24, 75
L.Ed.2d 229, 236 (1983) (plurality opinion) (citations omitted)).  Furthermore, "'a
seizure does not occur simply because a police officer approaches an individual
and asks a few questions.'"  Id. (quoting Florida v. Bostick, 501 U.S. 429, 434,
111 S. Ct. 2382, 2386, 115 L.Ed.2d 389, 398 (1991)).  "'Communications
between police and citizens involving no coercion or detention are outside the
scope of the fourth amendment.'"  Id. (quoting State v. Thomas, 81 N.C. App.
200, 205, 343 S.E.2d 588, 591, disc. rev. denied, 460 318 N.C. 287, 347 S.E.2d
469 (1986) (citation omitted)).

In the case sub judice, Officer Biddix approached defendant, who was
sitting without any activity for approximately thirty to forty-five seconds in a
vehicle parked on a public road.  After lawfully approaching defendant's vehicle,
the officer smelled marijuana.  See id.; State v. Yates, 162 N.C. App. 118, 121-23,
589 S.E.2d 902, 903-05 (2004) (explaining the "plain smell" exception to the
Fourth Amendment by analogy to the well-established "plain view" exception and
holding no error in the trial court's denial of defendant's motion to suppress in
view of the exigent circumstances and plain smell exceptions).  We hold that the
officer legitimately approached defendant's vehicle and detected the "plain smell"
of marijuana as set forth in Yates.  See Johnston, 115 N.C. App. at 714, 446
S.E.2d at 137-38; Yates, 162 N.C. App. at 122-23, 589 S.E.2d at 904-05.  The
"plain smell" of marijuana by the officer provided sufficient probable cause to
support a search and defendant's subsequent arrest.  See id.

State v. Corpening, 200 N.C. App. 311, 313-16, 683 S.E.2d 457, 459-60 (2009).

On August 30, 2010, Plaintiff filed in Buncombe County Superior Court a motion for

appropriate relief, which motion was summarily denied on September 9, 2010. Plaintiff then filed a petition under 28 U.S.C. § 2254 in this Court, raising as one of his claims essentially the same claim he brings here--that the prosecution offered insufficient evidence to prove that the officers had probable cause to search Plaintiff's vehicle or that reasonably justified a warrantless search in violation of the Fourth, Fifth, and Fourteenth Amendments. On August 2, 2011, this Court entered an order denying Plaintiff's petition and specifically denying Plaintiff's claim to the extent that he alleged a Fourth Amendment violation, finding that any Fourth Amendment violation was barred by Stone v. Powell, 428 U.S. 465 (1976). See Corpening v. Keller, No. 1:10cv255-RJC, 2011 WL 3325861, at *5 (W.D.N.C. Aug. 2, 2011). On June 8, 2012, the Fourth Circuit dismissed Plaintiff's appeal. Corpening v. Keller, 474 Fed. App'x 142 (4th Cir. 2012).

It is well settled that where, as here, a state court has determined that a warrantless search or seizure was supported by probable cause, the defendant may not relitigate that determination in a federal § 1983 action. See Allen v. McCurry, 449 U.S. 90, 104 (1980) (stating that the principles of res judicata and collateral estoppel apply to § 1983 actions seeking to vindicate constitutional rights that were previously decided in state court criminal proceedings); see also Gray v. Farley, 13 F.3d 142, 146 (4th Cir. 1993) ("A suppression hearing in an earlier state criminal trial collaterally estops the relitigation of the same issues in a § 1983 action if the elements of collateral estoppel are met."). This Court finds that Plaintiff is barred from bringing his claim of a constitutional violation based on an alleged illegal checkpoint because he litigated this claim in state court and the claim was resolved against him at trial and on appeal.[1]

---

[1]  Plaintiff contends that the state court did not adjudicate his claim regarding the alleged unconstitutional search and seizure. Plaintiff bases this contention on the North Carolina Court

## IV. CONCLUSION

In sum, for the reasons stated above, the Court dismisses this action.

**IT IS, THEREFORE, ORDERED** that:

1. For the reasons stated herein, this action is dismissed.

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 5), is **DENIED** as moot.

3. The Clerk is directed to close this case.


Signed: February 20, 2014


Frank D. Whitney
Chief United States District Judge

---

of Appeals' statement in its opinion that it need not address whether the checkpoint was valid or engage in an analysis concerning a traffic stop because Plaintiff stopped solely of his own volition and parked 100 to 200 feet prior to the checkpoint. Thus, the court found it necessary to "inquire only whether the officers legitimately approached defendant's vehicle, which was parked beside the curb on a public street, and whether the officers developed the probable cause necessary to effectuate a constitutionally permissible search and seizure of defendant's person or property." Corpening, 200 N.C. App. at 314, 683 S.E.2d 459. In other words, the state court found that whether the checkpoint was illegal was irrelevant to whether the search of Plaintiff's car was based on probable cause. The appellate court, therefore, upheld the trial court's denial of Plaintiff's motion to suppress the evidence found as a result of the search of his vehicle. Thus, contrary to Plaintiff's contention, the state court did address Plaintiff's federal constitutional claim regarding an alleged illegal checkpoint, and he is precluded from raising the claim again in this § 1983 action.